IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv154
(3:05cr300)

| | |
|---|---|
| JUAN LUIS MARTINEZ-MARTINEZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | ORDER |

**THIS MATTER** comes before the Court for an initial review of the petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 1).

I.      PROCEDURAL HISTORY

On August 23, 2005, the grand jury charged Petitioner with unlawful re-entry after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). (Case No. 3:05cr300, Doc. No. 4: Indictment).  On February 1, 2006, the parties filed a plea agreement in which the defendant admitted responsibility for the one charge in the indictment. (Case No. 3:05cr300, Doc. No. 16).  On February 21, 2006, Petitioner entered his plea before a magistrate judge, who found the plea to be knowing and voluntary. (Case No. 3:05cr300, Doc. No. 18: Acceptance and Entry of Guilty Plea at 5).  On August 31, 2006, this Court sentenced Petitioner to eighty-five months' imprisonment and entered judgment on September 12, 2006. (Case No. 3:05cr300, Doc. No. 22: Judgment at 2).  On July 12, 2007, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Martinez-Martinez, 234 F. App'x 91 (4th Cir. 2007).

On April 7, 2008, Petitioner filed the instant timely Motion to Vacate. (Doc. No. 1). He alleges that his guilty plea was involuntary because his counsel incorrectly predicted that the Court would not impose an enhancement under USSG §2L1.2(b)(1). (Id. at 5). Additionally, Petitioner alleges that he received ineffective assistance of counsel because his lawyer failed: 1) to inform him correctly about his sentencing exposure; 2) to move to withdraw his guilty plea; 3) to obtain a binding plea agreement; and 4) to challenge the conviction used to enhance his sentence. (Id. at 6-11).

II.     DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, a sentencing court is directed to promptly examine motions to vacate. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to any relief on his claims, a court must dismiss the motion.

   A.     Involuntary Guilty Plea

Petitioner claims that his guilty plea was involuntary because his counsel allegedly misinformed him about his sentencing exposure, assuring him that he would receive a sentence of twelve to eighteen months' imprisonment. (Doc. No. 1: Motion at 5). This prediction was based on the opinion that the eight-level enhancement for deportation after an aggravated felony, USSG §2L1.2(b)(1)(C), did not apply. (Id.). In fact, the Court applied the sixteen-level enhancement for deportation after a crime of violence or firearms offense, §2L1.2(b)(1)(A), based on Petitioner's previous conviction for possessing a sawed-off shotgun. (Case No. 3:05cr300, Doc. No. 23: Statement of Reasons at 1; Presentence Report (PSR) at ¶¶ 5, 15). Petitioner asserts that he would not have pled guilty if he had known that he risked the application of the sixteen-level enhancement.

2

Courts must be able to rely on a defendant's sworn statements in a properly conducted Rule 11 plea colloquy. United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Thus, the strong presumption of verity of such statements presents a formidable barrier in subsequent collateral proceedings, and uncorroborated allegations in a motion to vacate contradicting prior sworn statements do not warrant an evidentiary hearing. Id. Moreover, statements made during Rule 11 proceedings constitute strong evidence that a plea was voluntary. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991). Therefore even if counsel misinformed a defendant about guidelines enhancements, a properly conducted plea hearing erases any prejudice. United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995).

Here, the terms of Petitioner's plea agreement informed him that he could be imprisoned for up to twenty years. (Case No. 3:05cr300, Doc. No. 16 at ¶ 3). Specifically, it recited his understanding that "the Court has not yet determined the sentence, that any estimate from any source, including defense counsel, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum for each count." (Id. at ¶ 5). Additionally, the plea agreement warned that "no recommendations or agreements by the United States are binding upon the Court." (Id.).

Petitioner swore under oath at the Rule 11 hearing that he understood that he was pleading guilty to re-entry after being deported for an aggravated felony and that the maximum penalty he faced was twenty years' imprisonment. (Case No. 3:05cr300, Doc. No. 31: Tr. at 2-4). He testified that he understood that the district court would be unable to determine the guideline range until after completion of the PSR. (Id. at 7). Petitioner acknowledged that the sentence could be higher or lower than the guideline range. (Id.). He stated that he understood he would

have no right to withdraw his plea if sentence was more severe than he expected or if the Court did not accept the government's sentencing recommendation. (Id. at 8).

Petitioner admitted he was guilty of the crime charged in Count One of the indictment. (Id. at 11). He testified that he understood and agreed with all the terms of the plea agreement. (Id. at 15). Petitioner affirmed that no one had made him a promise of leniency or a light sentence to induce him to plead guilty. (Id. at 16). When given the opportunity, he did not ask any questions, but said that everything was all right. (Id. at 17-18). Accordingly, the magistrate judge found that the guilty plea was knowingly and voluntarily entered, with an understanding of the charge and potential penalty. (Id. at 19). At the sentencing hearing, Petitioner affirmed that the answers he provided to the magistrate judge were true and that he would provide the same answers if asked those questions again. (Case No. 3:05cr300, Doc. No. 30: Tr. at 2).

In the instant motion, Petitioner has failed to offer any evidence to contradict his prior sworn statements. Even if counsel incorrectly predicted that Petitioner would receive a lower sentence than actually imposed, the plea agreement and the magistrate judge clearly informed Petitioner that he could receive a sentence greater than what he expected, up to twenty years' imprisonment. Based upon this record, the Court concludes that no evidentiary hearing is warranted and that it plainly appears that Petitioner is not entitled to relief on the claim that his plea was involuntary.

B.  Ineffective Assistance of Counsel

Petitioner's ineffective assistance of counsel claims are governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective

standard of reasonableness and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). In the plea context, a petitioner must show that his counsel's performance was deficient and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Fields, 956 F.2d at 1297 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985) (internal citations and quotation marks omitted)). A petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If he fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

          1.      Misinformation Regarding Guideline Applications

Petitioner claims that he received ineffective assistance of counsel because his counsel allegedly was "almost certain" that the eight-level enhancement for a prior aggravated felony did not apply and he did not mention any other possible enhancement. (Doc. No. 1: Motion at 6). This claim lacks credibility. Petitioner pled guilty to reentry after being deported for an aggravated felony, and his plea agreement stipulated to the eight-level enhancement, if the probation officer and the Court found it applicable, (Case No. 3:05cr300, Doc. No. 4: Indictment; Doc. No. 16: Plea Agreement at ¶ 6(a)). Thus, Petitioner knew at the time of his plea that the eight-level enhancement could increase his sentence.

Even if counsel failed to warn him about the sixteen-level enhancement applied by the Court, the plea agreement and the magistrate judge clearly warned Petitioner that the sentence

5

could not be determined until completion of the PSR and that the sentence could be more severe than he expected, up to twenty years' imprisonment. Knowing that possibility, the defendant affirmed that he still wanted to enter his guilty plea. (Case No. 3:05cr300, Doc. No. 31: Tr. at 17). Accordingly, Petitioner did not suffer any prejudice, and it plainly appears that he is not entitled to relief on this claim.

### 2. Failure to Withdraw Plea Agreement

Petitioner alleges that his counsel was ineffective for failing to move to withdraw the guilty plea when he learned the sixteen-level enhancement would apply. (Doc. No. 1: Motion at 8). Federal Rule of Criminal Procedure 11(d)(2)(B) allows a defendant to withdraw an accepted guilty plea before sentencing if he can show a fair and just reason. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (interpreting rule previously codified at Rule 32(d)).

Here, there is no evidence that the defendant wanted to withdraw his plea prior to sentencing. The guideline range in the PSR included the sixteen-level enhancement. (PSR at ¶ 5). At the sentencing hearing, Petitioner told the Court he had time to review the PSR with his attorney. (Case No. 3:05cr300, Doc. No. 30: Tr. at 5). Even so, he stated that he would have answered all the magistrate judge's questions the same way and that he was pleading guilty because he was guilty. (Id. at 4). When given the opportunity to speak in allocution, Petitioner made no mention of wanting to withdraw his guilty plea and go to trial. (Id. at 15-18). Rather, he questioned why the federal judge who sentenced him previously for re-entry did not apply the sixteen-level enhancement. (Id. at 15).

Accordingly, counsel's performance was not constitutionally deficient because there is no evidence that defendant wanted to withdraw his plea. See Linton v. United States, No. 1:04cv57,

2007 WL 2750680, slip. op. at 2 (N.D.W.Va. Sept. 19, 2007) (counsel not ineffective where record did not show defendant wished to withdraw plea).

Additionally, Petitioner has not established that he was prejudiced by his counsel's alleged failure because he has not shown that the Court would have found a fair and just reason to allow withdrawal of his plea. Considering the factors in Moore, 931 F.2d at 248, Petitioner has failed to present credible evidence that his plea was not knowing and voluntary; he has not asserted his legal innocence; there would have been a substantial delay between entering the plea and moving for withdrawal; he had the close assistance of competent counsel; and withdrawal of the plea would likely have prejudiced the government and wasted judicial resources.

Therefore, it is unlikely that the Court would have allowed Petitioner to withdraw his plea. See e.g., United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995) (denying withdrawal based upon unanticipated guideline application); and United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (denying withdrawal based on counsel's prediction of lesser sentence). In fact, Petitioner was warned that he would not be allowed to withdraw his guilty plea if the sentence was more severe than he expected. (Case No. 3:05cr300, Doc. No. 31: Tr. at 8). Accordingly, Petitioner has not established that he was prejudiced by his counsel's failure to move to withdraw his guilty plea, and it plainly appears that he is not entitled to relief on this claim.

        3.        Failure to Obtain Binding Plea Agreement

Petitioner also alleges that his counsel was ineffective for failing to request that Petitioner's plea agreement be made pursuant to Rule 11(c)(1)(C) rather than Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. (Doc. No. 1: Motion at 9). Petitioner has failed to

show any reason to believe that the government would have agreed to a binding plea agreement, even if defense counsel had requested one. He has also failed to establish that he would have gone to trial but for counsel's alleged error. He was informed by the plea agreement and the magistrate judge that the sentencing recommendations were not binding on the Court, yet he testified that he wanted to give up his right to trial and enter a guilty plea, (Case No. 3:05cr300, Doc. No. 31: Tr. at 17). Accordingly, it plainly appears that Petitioner is not entitled to relief on this claim.

### 4. Failure to Challenge Prior Conviction

Finally, Petitioner alleges that his counsel was ineffective because he failed to utilize USSG §4A1.1 comment. (n.3) to challenge the conviction used to enhance his sentence under §2L1.2(b)(1)(A). (Doc. No. 1: Motion at 11). Application Note 3 to §4A1.1 prohibits assigning criminal history points for sentences imposed more than five years before the instant offense for crimes committed prior to the defendant's eighteenth birthday. That provision has no effect on §2L1.2(b)(1)(A) because convictions used to increase the base offense level are considered without regard to the date of conviction. United States v. Stultz, 356 F.3d 261, 269 (2nd Cir. 2004); United States v. Leos-Hernandez, 150 F. App'x 934, 936 (10th Cir. 2005); USSG §2L1.2, comment. (nn.1(A)(iv), 1(B), 3, 6)(2005)).

The Fourth Circuit found that the Court properly determined that Petitioner was sentenced as an adult for possessing a sawed-off shotgun. Martinez-Martinez, 234 F. App'x at 93. Therefore, the date of conviction was irrelevant. USSG §2L1.2, comment. (n.1(A)(iv)). Consequently, counsel's performance was not constitutionally deficient, and Petitioner was not prejudiced by his counsel's failure to raise this challenge to the prior conviction.

III. CONCLUSION

The Court has considered the motion and documents submitted by the petitioner along with the entire record of this matter and finds it is clear that he is not entitled to relief on any of his claims.

**IT IS, THEREFORE, ORDERED** that the petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED.**

Signed: November 3, 2008

Robert J. Conrad, Jr.
Chief United States District Judge